IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. MARBURY, #226054, | ) | |
| a.k.a., Anthony L. Marbury-El, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-195-MEF |
| | ) | [WO] |
| | ) | |
| KIM TOBIAS THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by

Anthony L. Marbury ["Marbury"], an indigent state inmate presently incarcerated at the Ventress

Correctional Facility ["Ventress"].  In the instant cause of action, Marbury challenges the conditions

of confinement at Ventress.  In his complaint (Doc. No. 1 at 5-7) and a supplement to the complaint

(Doc. No. 7 at 7), Marbury seeks preliminary injunctive relief.  The court therefore construes each

of these documents to contain a motion for issuance of a preliminary injunction.

Upon review of the motions for preliminary injunction, the court concludes that these

motions are due to be denied.

**II.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the

district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11ᵗʰ Cir. 2002).  This court may grant a

preliminary injunction only if Marbury demonstrates each of the following prerequisites:  (1) a

substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur

absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306   *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Marbury has failed to demonstrate a substantial likelihood of success on the merits of his

claims.[1]  Marbury likewise fails to establish a substantial threat that he will suffer the requisite

irreparable injury absent issuance of a preliminary injunction.  The third factor, balancing potential

harm to the parties, weighs much more heavily in favor of the defendants as issuance of the

requested injunction would interfere with the ability of correctional officials to effectively manage

the daily operation of Ventress.  Finally, the public interest element of the equation is, at best, a

neutral factor at this juncture.  Thus, Marbury has failed to meet his burden of demonstrating the

existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before May 30, 2014**, the parties may file objections to the

Recommendation.  Any objection must specifically identify the findings in the  Recommendation

objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are further advised that this Recommendation is not a final order of the court and,

---

[1] The plaintiff is advised that it is not necessary that documents submitted to the court be notarized because in the absence of a notary/authorized officer the plaintiff may simply submit the document with a statement made under penalty of perjury as allowed by well established federal law. *See* 28 U.S.C. § 1746 ("Whenever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the ... declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form ...  If executed within the United States, its territories, possessions, or commonwealths:  'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).  (Signature)'.").

therefore, it is not appealable.  Failure to file written objections to the proposed findings in the

Recommendation shall bar the party from a de novo determination by the District Court of issues

addressed in the Recommendation and shall bar the party from attacking on appeal factual findings

in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*,

667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en

banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to

September 30, 1981.

Done this 16th day of May, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE