IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY L. MARBURY, #226054, ) | |
| a.k.a., Anthony L. Marbury-El, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-195-MEF |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Anthonly L. Marbury ["Marbury"], an indigent state inmate, initiated this 42 U.S.C. § 1983 action challenging conditions of confinement at the Ventress Correctional Facility. The order of procedure entered in this case specifically directed Marbury to immediately inform the court of any change in his address. *March 24, 2014 Order - Doc. No. 4* at 5.

The court recently issued an order, a copy of which the Clerk mailed to Marbury. The postal service returned this order because Marbury no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that on or before June 26, 2014 Marbury inform the court of his present address. *June 16, 2014 Order - Doc. No. 20*. The order specifically advised Marbury that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Marbury to the aforementioned order nor has he provided the

court with his current address as required by the order of procedure.

As is clear from the foregoing, Marbury has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Marbury is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that **on or before August 13, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 30th day of July, 2014.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE